UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
In re: The Application of                              :
CONSELLIOR SAS, KERFRAVAL,                             :    13 MC 34
ASSOCIATION DE DOCUMENTATION                           :
POUR L'INDUSTRIE NATIONALE,                            :
CFEB, SERGE BOUCHVAL and COLETTE                       :
BOUCHVAL PURSUANT TO 28 U.S.C.                         :
§ 1782 for an ORDER TO TAKE                            :
DISCOVERY FOR USE IN A FOREIGN                         :
PROCEEDING                                             :
---------------------------------------------------------------x

**RULING ON MOTION TO COMPEL**

On March 26, 2013, after consideration of the ex parte Application by Consellior SAS, Kerfraval, Association de Documentation Pour L'industrie Nationale ("ADIN"), CFEB, Serge Bouchval, and Colette Bouchval (collectively, "Applicants") for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in a Foreign Proceeding (the "Application"), this Court authorized Applicants to take discovery from Starwood Capital Group ("Starwood"), Catterton Partners, Starwood Managing Director Steven Hankin and Catterton Partners partner J. Michael Chu. Specifically, the Order provided for discovery for use in a proceeding in Nancy, France between Applicants and Baccarat, a French corporation.

On June 7, 2013, Applicants filed a motion to compel relative to subpoenas served upon Catterton Partners and Starwood ("Respondents").

**Factual Background**

Applicants are minority shareholders of Baccarat. Respondents own 88% of Baccarat.

The proceeding in France concerns an investment transaction to increase Baccarat's capital, which was entered into between Starwood's subsidiary, GdL, and Catterton investment vehicle. Applicants are challenging this capital increase transaction in France on the grounds

that the vote approving the transaction was improper under French law; that the transaction was not in the best interests of Baccarat's common shareholders; and that the transaction was implemented to benefit Starwood.

After the Application for the discovery order pursuant to 28 U.S.C. § 1782 was granted, Applicants served subpoenas on Starwood and Catterton for discovery in the District of Connecticut. In April 2013, Catterton and Starwood served responses and objections to the subpoenas. Counsel for Applicants and Respondents conferred to resolve concerns about the requested discovery. Counsel for Respondents expressed concerns regarding the relevance of the requested documents to the proceeding in France, the breadth of discovery, and the confidentiality of certain documents.

On May 16, 2013, Baccarat filed a motion with the court in Nancy to declare this Court's discovery order irregular and unenforceable on Baccarat. Baccarat maintains that Applicants "deliberately lied" about their inability to obtain an order from the court in Nancy for the production of relevant documents from Respondent. Applicants maintain that the Nancy court does not have jurisdiction to compel production from third parties such as Respondents in the United States.

In a letter dated May 30, 2013, Starwood's counsel noted that there was a likelihood that none of the documents could be used in the French action and Catterton informed Applicants that it would not "undertake the expense and burden of email review" pending resolution of the Baccarat motion.

## Discussion

Respondents argue that the Court should not have granted the application for an order to take discovery pursuant to 28 U.S.C. § 1782 and that the subpoenas are unduly burdensome and

request irrelevant information.  The Court will first consider Respondents' arguments relevant to the Court's issuance of an order to take discovery pursuant to Section 1782.

### 28 U.S.C. § 1782

Discovery pursuant to Section 1782 may be appropriate if the application is made by an interested person, the discovery requested is "for use" before a foreign tribunal, and the person from whom discovery is sought resides in the district issuing the subpoena.  Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).

Section 1782 does not "categorically bar a district court from ordering production of documents when the foreign tribunal or interested person would not be able to obtain the documents if they were located in the foreign jurisdiction."  Intel Corporation v. Advanced Micro Devices, Inc., 542 U.S. 241, 259 (2004).  The Supreme Court went on to explain that "[b]eyond shielding material safeguarded by an applicable privilege, . . . nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."  Id. at 260.

Compliance with Section 1782 is not mandatory and is subject to several discretionary considerations articulated by Intel:  (1) whether the party from whom discovery is sought is a participant in the foreign proceeding over whom the foreign tribunal has jurisdiction to produce discovery; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court agency to United States federal court judicial assistance; (3) whether the Section 1782 request is an attempt to "circumvent" discovery limitations from the foreign tribunal; and (4) whether the request is unduly intrusive and burdensome.

In this instance, Respondents are non-parties to the legal action in France, although they do represent Baccarat's controlling shareholders. Respondents argue that they should not have to produce documents in Connecticut that may also be available in France and that are therefore subject to the French court's jurisdiction. Respondents maintain that Applicants should have attempted discovery in France rather than resort to Section 1782 to circumvent foreign proof gathering restrictions.

Applicants seek files that exist in Connecticut that may also include material that is available in France. However, review of whether Respondents' materials are also available in France would present an unduly burdensome procedure. In this instance, Respondents are not parties to the action in France and therefore, the French Court cannot order them to produce discovery. There is no indication that the French court would not be receptive to the grant of the instant application to obtain materials that could assist in the resolution of the action pending in France. Further, the Court is not persuaded that Applicants have resorted to a Section 1782 application to circumvent foreign proof gathering restrictions. As discussed further in the ruling relevant to the subpoenas, the burden of the discovery sought is substantial as is characteristic of such commercial litigation. The burden of production and any confidentiality concerns can be effectively managed through agreements between the parties or court orders. Accordingly, the Court finds that its grant of the application for discovery pursuant to Section 1782 was appropriate.

<u>Subpoenas</u>

Respondents maintain that the discovery sought in the subpoenas is unduly burdensome, irrelevant and confidential.

The subpoenas are subject to Federal Rule of Civil Procedure 26, which provides that parties may obtain discovery regarding nonprivileged matters that are relevant to a party's claim or defense.  See Application of Consorcio Minero, S.A. v. Renco Group, Inc., 2012 WL 1059916, *1 (S.D.N.Y. 2012); see 28 U.S.C. § 1782(a).  Upon review, the Court finds that the subpoenas are directed at discovery related to the asserted claims challenging the capital increase transaction.  Relevance in the context of federal discovery is broadly construed to encompass matters that are reasonably calculated to lead to discovery of admissible evidence.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).  Accordingly, the discovery sought under the subpoenas is permissible regardless of whether it is ultimately allowed into evidence by the French court.

The Court is not persuaded that the subpoenas impose an undue burden, which is considered in the context of the relevance of the material, the need for the discovery, the breadth of the request, the time period covered by the request, and the particularity of the request and burden imposed.  Travelers Indemnity Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005).  Courts afford special weight to the burden on non-parties to produce documents to parties involved in litigation.  Id., at 113.  However, the determination of whether an undue burden exists is committed to the court's discretion.  Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

The discovery requested is sufficiently relevant to the claims pending in France. Respondents claim that Applicants seek documents that are also available in France but there is no confirmation that all materials sought are available through discovery in France.  The document requests encompass approximately a 16-month period with the exception of Request No. 6, which seeks documents during a 20-month period concerning "[c]ommunications,

including electronic communications, between or among Catterton, Starwood, Groupe du Louvre, Rothschild and/or Baccarat concerning Catterton's investing in, and dealings with, Baccarat."

Applicants maintain that the 20-month period covers the negotiations leading to the actual capital increase transaction. However, Respondents represent that this request would entail review of more than 25,000 documents, many of which would require translation from French to English. The requested discovery poses a significant but not insurmountable burden on Respondents.

Respondents maintain that Applicants should but have not provided search terms or further guidance concerning the information sought. Accordingly, the Court will grant the motion to compel with the provision that the Applicants and Respondents meet with Magistrate Judge Fitzsimmons regarding an acceptable method to narrow the scope, alleviate the substantial burden of document production and safeguard the confidentiality concerns.

## CONCLUSION

Applicants' motion to compel is GRANTED with the provision that Applicants and Respondents meet at a discovery conference with Magistrate Judge Fitzsimmons to narrow the scope of discovery and safeguard the confidentiality concerns. Applicants should contact Magistrate Judge Fitzsimmons's chambers to schedule a discovery conference.

/s/
Warren W. Eginton,
Senior United States District Judge

Dated in Bridgeport, Connecticut this 2d day of October, 2013.