UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                    :
In re: The Application of           :
CONSELLIOR SAS, KERFRAVAL,          :
ASSOCIATION DE DOCUMENTATION        :          13mc34(WWE)
POUR L'INDUSTRIE NATIONALE,         :
CFEB, SERGE BOUCHVAL and COLETTE    :
BOUCHVAL PURSUANT TO 28 U.S.C.      :
§ 1782 for an ORDER TO TAKE         :
DISCOVERY FOR USE IN A FOREIGN      :
PROCEEDING                          :
```

<u>DISCOVERY RULING</u>

Respondent, Starwood Capital Group ("Starwood"), has

submitted for <u>in camera</u> review certain documents that have been

redacted and/or designated highly confidential.  Applicants,

Consellior SAS, Kerfraval, Association de Documentation Pour

L'Industrie Nationale, CFEB, Serge Bouchval, and Colette

Bouchval (collectively the "Applicants"), challenge the

redactions on seven (7) of these documents.  Applicants also

challenge the "highly confidential" designation given by

Starwood to six (6) documents.  For the reasons that follow, the

Court sustains the redactions, and sustains in part and

overrules in part the "highly confidential" designations.

**Background**

On March 26, 2013, after considering the ex parte

Application by Applicants for an Order Pursuant to 28 U.S.C. §

1782 to Take Discovery for use in a Foreign Proceeding, Judge

Eginton authorized the Applicants to take discovery from

1

Starwood, Catterton Partners, Starwood Managing Director Steven Hankin and Catterton Partners partner J. Michael Chu. Specifically, the Order provided for discovery to use in a proceeding in Nancy, France between Applicants and Baccarat, a French corporation.  The French proceeding concerns an investment transaction to increase Baccarat's[1] capital, which was entered into between Starwood's subsidiary, GdL, and Catterton investment vehicle. Applicants are challenging this capital increase transaction in France on the grounds that the vote approving the transaction was improper under French law; that the transaction was not in the best interests of Baccarat's common shareholders; and that the transaction was implemented to benefit Starwood.

In connection with the discovery sought, the Court has held numerous discovery conferences, and has issued two prior discovery rulings.  <u>See, e.g.</u>, Doc. ## 37, 43, 45, 50, 52. Most recently, Applicants submitted to the Court a letter dated December 27, 2013 setting forth several outstanding discovery disputes with Starwood and Catterton.[2]  Specifically, Applicants challenge certain redactions on documents produced by Starwood. Applicants also challenge the "highly confidential" designation

---

[1] Applicants are minority shareholders in Baccarat.  Starwood and Catterton Partners own eighty eight percent (88%) of Baccarat.
[2] This ruling will only address matters raised with respect to Starwood. During the December 30, 2013 telephone conference, Applicants and Catterton represented that they would endeavor to agree on the issues raised in Applicants' December 27, 2013 letter. [Doc. #55].

given to certain documents. Starwood submitted in response a letter dated December 30, 2013. Most recently, the Court held a telephonic discovery conference on December 30, 2013, and directed Starwood to provide the challenged documents for an in camera review.  Starwood submitted the requested documents, along with an explanatory letter dated December 30, 2013. Applicants responded on December 31, 2013.  After reviewing the challenged documents, and the parties' additional letter briefs, the Court held separate follow-up telephone conferences with Starwood and Applicants.

## Redactions

The seven (7) documents[3] at issue have been redacted to conceal information that Starwood determined to be not responsive to Applicants' subpoena duces tecum.  First, Applicants generally take issue with Starwood's "selective redaction of information that it generally deems non-responsive[…]" [App. Ltr. Dec. 27, 2013, at 2].  Applicants further argue that the redactions are improper where the context of each redaction suggests that the redaction is, in fact, responsive.[4]  Starwood, in turn, argues that the redactions are proper where the redacted information does not, inter alia,

---

[3] SCG_00001625-1628, SCG_00004262-4263, SCG_00007283-7285, SCG_00011188-11190, SCG_00011275-11280, SCG_00011284-11289, and SCG_00011446-11452.

[4] Applicants' subpoena seeks documents related to the Call for Bids (defined by the subpoena as "the process of competitive bidding initiated by Baccarat in 2011 to raise funds necessary to finance its development plan and proposed investments.") from potential investors in Baccarat, and to Catterton's investing in, and dealings with, Baccarat. [App. Dec. 31, 2013 Ltr., at Ex. 1].

relate to the Call for Bids or Catterton's investment in Baccarat.

The seven (7) documents at issue are internal Starwood emails between high-level Starwood executives. After careful consideration of the parties' submissions, and their arguments during the telephone conferences, the Court finds the challenged documents are properly redacted as non-responsive. Although, as Applicants submit, the redacted material is in close proximity to responsive information, the Court agrees that this is not a basis to speculate, or for that matter find, that the redacted information is responsive. Indeed, the Court's review of the challenged documents generally comports with the representations made by Starwood in their December 30, 2013 letters that the redactions relate to highly sensitive business information that is not responsive to Applicants' document requests. Therefore, the Court sustains the redactions for non-responsiveness.

**Highly Confidential Designations**

Applicants next challenge six (6) documents[5] designated "highly confidential" by Starwood. Pursuant to the Protective Order entered by Judge Eginton, a

> Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith believes the Discovery Material contains proprietary or other highly sensitive business information the release of which to other parties or the public would cause competitive or

---

[5] SCG_00004308-4310, SCG_00007312-7314, SCG_00011188-11190, SCG_00011284-11289, SCG_00011307-11311, and SCG_00011446-11452.

other serious and irreparable injury to the Producing
Party.

[Doc. #49, at ¶3].  "Highly confidential" documents differ from
"confidential" documents in that the former may not be
disclosed, or their contents otherwise communicated, to
Applicants. [Id. at ¶¶9-10]. Therefore, the use of such "highly
confidential" materials at depositions is constrained and will
"impact[] the Applicants' right to be present for Highly
Confidential (sic) portions of upcoming depositions […] or to
review the transcript or video thereafter." [App. Dec. 27, 2013
Ltr., at 3].  Aside from limiting Applicants at deposition,
Applicants further argue that the challenged documents contain,
at most, "confidential" information.[6] Starwood argues that the
"highly confidential" designation is proper where the documents
meet the requirements for a "highly confidential" designation
under the Protective Order because the documents contain
proprietary or other highly sensitive business information, the
release of which would cause Starwood competitive or other
serious and irreparable injury.

The six (6) challenged documents are also internal Starwood
emails between high-level Starwood executives.  For the most
part, the subject emails contain detailed business strategy,

---

[6] Under the Protective Order, a producing party may designate documents as
confidential, if the "Producing Party reasonably believes in good faith that
such Discovery Material contains non-public, confidential, personal, or
commercially sensitive information that meets the requirements of Federal
Rule of Civil Procedure 26(c) for the protections provided in this Protective
Order." [Doc. #49, at ¶3].

negotiation strategy, business insight, and/or Starwood's' executives' analysis of internal business matters.  The Court agrees with Starwood that the majority of the challenged documents are properly designated "highly confidential."  For example, if the balance of this information were disclosed to third parties and/or the public, such parties could easily undermine Starwood's highly sensitive business, investment and/or negotiation strategies.  To the extent that Applicants argue the same information has been disclosed as "confidential" on other documents, the Court generally disagrees.  Having reviewed the documents, the Court finds more extensive analysis and insight in five (5) of the documents than in the previously disclosed documents designated "confidential."  However, the Court does agree that some of the information set forth in the challenged documents should not be considered "highly confidential" where it has, in fact, previously been disclosed and designated as "confidential."  For that reason, the Court finds that certain portions of the challenged documents should be redesignated as "confidential."  Accordingly, after careful consideration of the parties' submissions and their arguments during the telephone conferences, the Court sustains Starwood's "highly confidential" designations for document SCG_000114466-11452, and sustains in part and overrules in part the "highly confidential" designations for documents SCG_00004308-4310,

SCG_00007312-7414, SCG_00011284-11289, and SCG_00011307-11311.
Specifically, the Court overrules the "highly confidential"
designation only for the limited portions of these documents
that list the nine proposed investors, i.e. starting after
"Greater China based investors" and concluding with "[…]
supported in China by David Chu." (SCG_00004308-4309;
SCG_00007312-7313; SCG_00011287; SCG_00011309).  The remaining
content of these documents shall remain designated as "highly
confidential."

With respect to document SCG_00011188-11190, the Court
overrules Starwood's designation, and finds that this document
as redacted should be deemed "confidential."  Indeed, the non-
redacted information in this document does not reflect the level
of detail contained in the other challenged documents.  Although
this document does discuss Starwood's process for courting
investors, it by no means divulges such a level of detail that
one could consider the information "proprietary" or "highly
sensitive."  Accordingly, the Court overrules the designation
applied to this document and finds, instead, that as redacted it
is properly designated as "confidential."

This is not a Recommended Ruling. This is a discovery
ruling or order which is reviewable pursuant to the "clearly
erroneous" statutory standard of review. 28 U.S.C. §
636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.

As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 10th day of January 2014.

_____/s/_____

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE